IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:03CR394 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| VICTOR PAUL HERNANDEZ O'CHOA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (§ 2255 motion) (Filing No. 137).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After pleading guilty to Count I of the indictment charging defendant with Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846, and Count V of the indictment charging defendant with Criminal Forfeiture, the court sentenced defendant to 120 months in the custody of the Bureau of Prisons followed by five years supervised release.

In his § 2255 motion defendant argues that the court erred when sentencing defendant because "the minor role adjustment warranted the guideline level to begin at level 30" under § 3B1.2 of the sentencing guidelines.

Aside from the issues of waiver, timeliness and procedural default, the record refutes defendant's argument on its merits. Defendant is correct that under the 2003 Sentencing Guidelines "if the defendant receives an adjustment under 3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30." U.S.S.G. 2D1.1(a)(3). Defendant, however, cannot challenge his sentence on this basis. A review of the audio tape of the sentencing hearing reveals that the court accepted the plea agreement and acknowledged that because defendant received a minor role adjustment his base offense level was 30. The court then subtracted 3 points for acceptance of responsibility and 2 points for the minor role adjustment, lowering his base offense level to 25. Therefore, it appears plainly from the face of the § 2255 motion and the record that the defendant is not entitled to relief with respect to his claim. The claim is denied.

IT IS ORDERED:

1. That the defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 137) is denied;

2.    A separate Judgment will be entered; and

3.    The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 19th day of December, 2005.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge